UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GREGORY SEARLS, JR.** | : | **DOCKET NO. 23-CV-00330** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JAMES M. LEBLANC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Gregory Searls, Jr., who is proceeding *pro se* and *in forma pauperis* in this matter. Searls is incarcerated at the Allen Correctional Center in Kinder, Louisiana.

**I.**
**BACKGROUND**

Plaintiff complains that he has been falsely imprisoned for over 25 months due to "false documents being place (sic) by Allen Correctional and Raymond Laborde, Jefferson Parish Courts Section L and falsely accused of being incompetent." Doc. 1, att. 1, p. 2. He seeks monetary damages and asks to be released from custody. *Id*. at p. 4.

**II.**
**LAW AND ANALYSIS**

**A. Frivolity Review**

Searls has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Application

#### 1. Habeas Corpus

To the extent that Searls challenges the fact of his confinement and seeks his release from custody, his complaint must be construed as an application for writ of habeas corpus. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir.1983) quoting, *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.1979) ("The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor.")

Since Searls is "… in custody pursuant to the judgment of a State court…" his habeas petition is authorized by the provisions of 28 U.S.C. §2254 which also provides,

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be [*8] granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)). To satisfy the exhaustion requirement, the habeas petitioner must have fairly presented the substance of his federal habeas corpus claims to the highest state court. *Vasquez v. Hillery*, 106 S.Ct. 617, 620 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005).

In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a habeas corpus petitioner who attacks the legality of his confinement must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court. While not specifically alleged, it is apparent that Searls has not exhausted available state court remedies. Searls claims that he has been falsely imprisoned for over 25 months. Nevertheless, it does not appear that he fairly presented these claims to the Louisiana Supreme Court in a procedurally correct manner.

To the extent that his pleadings advance a claim for habeas corpus relief, dismissal without prejudice for failure to exhaust state court remedies is appropriate.

**2. Civil Rights**

Searls also seeks monetary damages. Searls claims that he is illegally confined.

To the extent that Searls seeks monetary damages for his false imprisonment, his claims are barred by *Heck v. Humphrey*, 114 S.Ct. 2364, (1994). In *Heck*, the Supreme Court held that "… in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 114 S.Ct. at 2372 (footnote omitted).

Searls has not met the precondition defined by *Heck* and his complaint, to the extent that he implies that he is entitled to monetary damages for false imprisonment, must be dismissed with prejudice as frivolous until such time that he can demonstrate that his conviction has been invalidated. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996); *Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir.1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post- *Heck*, because the plaintiff's action has been shown to be legally frivolous.")

## III.
### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the complaint, insofar as it seeks Searls' release from custody, be construed as a petition for writ of habeas corpus (28 U.S.C. § 2254) and that it be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies prior to filing suit.

**IT IS FURTHER RECOMMENDED** that this complaint, insofar as it seeks money damages, be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER ORDERED** that all pending motions be **DISMISSED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of June, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE